[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12196
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00288-CR-2-KD


UNITED STATES OF AMERICA,


                                              Plaintiff-Appellee,


                    versus


TARLTON JAY FISHER,


                                              Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 16, 2009)


Before EDMONDSON, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Defendant-Appellant Tarlton Jay Fisher appeals his 262-month sentence for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846. No reversible error has been shown; we affirm.

On appeal, Fisher argues that the district court erroneously classified the drugs attributed to him as "ice," instead of methamphetamine, for sentencing purposes.[1] But the government argues that we need not reach the drug purity issue: the district court noted that it would impose the same sentence even if it calculated the guidelines range incorrectly, and the government contends that Fisher's ultimate sentence is reasonable.

In cases involving disputed guidelines issues, we have invited lower courts to state on the record whether they would have imposed the same sentence even if they have decided the guidelines issue incorrectly. United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). If a district court makes such a statement, we will uphold the sentence as long as it is reasonable under the 18 U.S.C. § 3553(a) factors; and in determining whether a sentence is reasonable, we assume that the district court decided the guidelines issue incorrectly and that the advisory

_____

[1]"Ice" is a certain kind of methamphetamine that is of at least 80% purity. See U.S.S.G. § 2D1.1(c) (n. (C)).

2

guidelines range should be reduced accordingly.  Id.

Here, because the district court stated that it would impose the same sentence even if it had made a guidelines calculation error about the quality of the drugs involved, we review Fisher's ultimate sentence for reasonableness.  And we assume that the district court concluded incorrectly that the methamphetamine attributable to Fisher was "ice."  So Fisher's advisory guidelines range should be reduced from 210 to 262 months' imprisonment to 135 to 168 months' imprisonment.  See U.S.S.G. § 2D1.1(c)(1), (3).[2]

We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and

---

[2]This range is based on a base offense level of 34, a 2-level enhancement for gun possession, a 3-level reduction for acceptance of responsibility, and a criminal history category of I.

3

protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that, even if the district court erred in its drug purity determination, Fisher's ultimate sentence is reasonable. Although his sentence varied upward from the correctly calculated advisory guidelines range by 94 months, it was well below the statutory maximum of life imprisonment that he faced. See 21 U.S.C. § 841(b)(1)(A); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). In addition, the district court stated that the sentence was appropriate because of Fisher's disrespect for the law and the need to protect the public from his violent conduct. Furthermore, the court noted that it would have imposed the same 262-month sentence, no matter a guideline calculation error, based on Fisher's violent nature and his history.

Based on the evidence in the record -- including the sentencing testimony of 15 witnesses about the extensiveness of Fisher's drug operation and his violent tendencies -- we conclude that the district court justified an upwardly variant sentence. See Gall, 128 S.Ct. at 597 (explaining that a sentencing judge "must consider the extent of the deviation and ensure that the justification is sufficiently

compelling to support the degree of the variance"). Fisher, on many occasions, resorted to violence to further his drug activities, including shooting into houses of those who had failed to pay him for drugs. He also harassed a police officer assigned to investigate his drug activities, possessed contraband items in his prison cell after his arrest, and threatened to beat up a corrections officer. Thus, several section 3553(a) factors -- including Fisher's history of violence, promoting respect for the law, and protecting the public from Fisher -- warranted an above-guidelines sentence. See § 3553(a)(1), (2)(A), (C).

Here, the district court adequately justified its sentence in the face of any guideline calculation error. On this record, we see no abuse.[3]

AFFIRMED.

---

[3] Because we conclude that Fisher's ultimate sentence is reasonable even in the light of guideline calculation error, we decline to address whether the district court clearly erred in classifying the methamphetamine attributable to Fisher as "ice."